UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MARVIN CATES, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| vs. ) | CAUSE NO. 3:18-CR-72 RLM-MGG |
| ) | (Arising out of: 3:20-CV-547) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent ) | |

OPINION AND ORDER

Marvin Cates pleaded guilty to unlawful possession of a firearm after a felony conviction in violation of 18 U.S.C. § 922(g)(1) and was sentenced to 262 months' imprisonment and a 2-year term of supervised release. His sentence was on the low end of the applicable Guidelines range. As part of the plea agreement, Mr. Cates waived his right to appeal his conviction and his right to file any post-conviction proceedings under 28 U.S.C. § 2255 other than an ineffective assistance of counsel claim. He now asks the court to vacate, set aside, or correct his conviction and sentence under 28 U.S.C. § 2255. First, Mr. Cates argues that the court incorrectly categorized him as an armed career criminal at sentencing. Next, he argues that his counsel was ineffective because neither of his attorneys argued that he shouldn't be considered an armed career criminal. Third, Mr. Cates claims that his conviction under § 922(g) is erroneous following the Supreme Court's decision in Rehaif v. United States, 139 S. Ct. 2191 (2019). Finally, Mr. Cates alleges that the government deceived him into signing the plea agreement. The court denies Mr. Cates's motion for the following reasons.

The rules governing petitions filed under 28 U.S.C. § 2255 provide that once a motion is filed:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. The court has reviewed Mr. Cates's motion and supporting memorandum and finds that his arguments aren't supported by the facts or the law in this case and can be resolved without a hearing. *See* Martin v. United States, 789 F.3d 703, 706 (7th Cir. 2015) (evidentiary hearing not required if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief" or petitioner's allegations are "vague, conclusory, or palpably incredible"); Kafo v. United States, 467 F.3d 1063, 1067 (7th Cir. 2006); Bruce v. United States, 256 F.3d 592, 597 (7th Cir. 2001). Appointment of counsel isn't required under Rule 8(c) of the Rules Governing Section 2255 Proceedings or warranted in the interest of justice under 18 U.S.C. § 3006A(a)(2)(B). *See* Rauter v. United States, 871 F.2d 693, 695-696 (7th Cir. 1989).

A plea agreement containing a waiver of the right to appeal and to file a petition under § 2255 can be collaterally attacked in a limited number of circumstances, including challenges based on contractual grounds such as mutual mistake or breach, United States v. Cook, 406 F.3d 485, 487 (7th Cir.

2005); when a defendant claims the waiver was involuntary or counsel was ineffective in negotiating the agreement, Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000); or when the sentence is greater than the statutory maximum sentence for the offense of conviction. United States v. Bownes, 405 F.3d 634, 637 (7th Cir. 2005). The record in this case shows that Mr. Cates knowingly and voluntarily waived the right to contest his conviction and sentence in his plea agreement, with one exception – a claim of ineffective assistance of counsel.

Mr. Cates's first argument, that his criminal history was improperly calculated, doesn't fall under one of the recognized exceptions. He next argues that his attorneys were incompetent because they didn't contest his designation as an armed career criminal. Mr. Cates is mistaken: his counsel did object at sentencing to the recommendation that Mr. Cates be treated as an armed career criminal. The court overruled the objection. Mr. Cates can't seek relief on these grounds.

Next, Mr. Cates argues that under Rehaif v. United States, 139 S. Ct. 2191 (2019), he should have received "notice of an element of the offense" charged under 18 U.S.C. § 922(g). Specifically, he says he "had no idea that [he] belong[s] in a certain group or category prohibiting [him] from carrying a firearm[.]" Rehaif provides no relief in this case, even if an exception to Mr. Cates's waiver of the right to challenge his conviction applied. The Supreme Court held in Rehaif that: "[I]n a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he

3

knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S.Ct. at 2200. It didn't announce a new rule of constitutional law, but simply resolved a question of statutory interpretation, see Khamisi-El v. United States, ___ Fed.Appx. ___, 2020 WL 398520, at * 4 (6th Cir. Jan. 23, 2020); In re Palacios, 931 F.3d 1314, 1315 (11th Cir. 2019), and it made no findings about retroactivity.

The question in Rehaif was whether the Government needed to prove that the defendant knew he was unlawfully in the United States (one of the nine categories of individuals prohibited from possessing a firearm or ammunition under 18 U.S.C. 922(g)). The Court "express[ed] no view, however, about what precisely the Government must prove to establish a defendant's knowledge of status in respect to other § 922(g) provisions not at issue [in Rehaif]." Rehaif v. United States,139 S.Ct. at 2200. To the extent Rehaif recognized a new statutory rule that might apply retroactively to cases on collateral review absent an appeal waiver, it doesn't require the Government to prove that Mr. Cates knew felons were prohibited from possessing firearms, only that he knew he had the required status under § 922(g). United States v. Maez, 960 F.3d 949, 955 (7th Cir. 2020).

Mr. Cates acknowledged in his plea agreement and during the change of plea hearing that he knew he possessed a firearm and that he knew he was a convicted felon when he possessed it – one of "the relevant categor[ies] of persons barred from possessing a firearm" under 18 U.S.C. § 922(g) – conclusively establishing the facts necessary to prove a violation of 18 U.S.C. 922(g)(1). Rehaif requires nothing more.

Finally, Mr. Cates's claim that he was coerced into an involuntary plea by the government is unavailing. Mr. Cates alleges that the government sent him an email that threatened him with a 30-year sentence. Mr. Cates's sworn statements he made at the change of plea hearing in this case belie that claim. Mr. Cates was asked if "anyone threatened [him] or... forced or pressured [him] or anyone else in any way to make [him] plead guilty[.]" [Doc. No. 55 at 24]. He responded, "no." Id. Mr. Cates was then asked if he "anyone made any promises or assurances or predictions to [him] or to anyone else to cause [him] to plead guilty today." Id. He responded, "no." Id. Finally, he was asked if he was "pleading guilty of [his] own free and voluntary will," and he responded, "yes." Id. at 24-25.

"[A] defendant is normally bound by the representations he makes to a court during [a change of plea] colloquy . . . [because j]ustice would be ill-served, and the utility of the Rule 11 colloquy would be undermined, by allowing [a defendant] to renege on his representation under oath to the district court." Hutchings v. United States, 618 F.3d 693, 699 (7th Cir. 2010). Accordingly, "a motion that can succeed only if the defendant committed perjury at the plea proceedings may be rejected out of hand unless the defendant has a compelling explanation for the contradiction." Bethel v. United States, 458 F.3d 711, 719 (7th Cir. 2006) (*quoting* United States v. Peterson, 414 F.3d 825, 827 (7th Cir. 2005)). Mr. Cates provided no explanation for the contradiction, so his claim of coercion can't succeed.

For the foregoing reasons, Mr. Cates' motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Doc. No. 93] is DENIED.

SO ORDERED.

ENTERED:   July 8, 2020

/s/ Robert L. Miller, Jr.<br>Judge, United States District Court

cc:   Marvin Cates